## The Bank of Louisiana v. James M. Elam.

The insertion of the title of the suit in any part of the citation served on the defendant, in such a manner as to preclude any mistake, is a sufficient compliance with art. 179 of the Code of Practice, which does not prescribe that the title shall be inserted in any particular part of the citation.

The return of a sheriff stating the manner in which a citation was served, cannot be contradicted by evidence where that officer has not been called on to correct it.

Appeal from the District Court of East Baton Rouge, *Johnson*, J.

*Brunot*, for the plaintiffs.

*Elam*, appellant, *pro se*.

Martin, J. The defendant is appellant from a judgment against him, as endorser of two notes. He has put the case before us on an assignment of error, to wit, the absence in the copy of the original citation served on him, of the title of the cause; and he complains that the court overruled his exception on that ground. He has refered us to the Code of Practice,

art. 179, which expressly requires the insertion of the title of the suit in the citation, and he has produced a witness, who testifies to a copy of the citation and petition left at the defendant's house by the sheriff. In the copy of the citation, the title of the suit is not stated.

The sheriff's return informs us, that in the original citation the title of the cause was stated, after the signature of the clerk; *id est*, this appears from the copy of the original that comes up with the record, of which he states that he served a true copy.

The inspection of the citation does not enable us to ascertain whether the title of the suit was written on the face of the citation, or on the back thereof. It is, however, clear, that the title of the suit was written on the citation, in such a manner as to leave no doubt that the suit in which the defendant was cited was intended, so as to prevent any mistake. The citation expressly refers to the copy of the petition accompanying it, in which the name of the parties and the title of the suit were stated. Admitting that this does not suffice, and that the Code expressly requires the use of sacramental words in the citation which cannot be dispensed with, and to which no others can be substituted, as the Code has said nothing as to the part of the citation in which the sacramental words must be inserted, it will suffice that they should be thereon in such a manner as to preclude any mistake.

The return of the sheriff that he served a true copy of the original citation, cannot be contradicted by testimony. If the defendant believed the sheriff's return was incorrect, he might have called on that officer for the amendment of it.

*Judgment affirmed.*